EVELINA E. HARDING *vs.* WARREN COLON.

Worcester.    October 2. — 3, 1877.    ENDICOTT & LORD, JJ., absent.

If a promissory note, not negotiable, is given to a married woman by a third person in consideration of her husband's giving up to him a like note, and she transfers the note, with her husband's consent, to a creditor of his, in fraud of other creditors, the maker, in an action upon it in her name, cannot take advantage of that fact.

CONTRACT upon the following instrument, signed by the defendant : " $120.00.    East Templeton, Mass., February 1, 1870. For value received I promise to pay on demand Evelina E. Harding one hundred and twenty dollars with interest until paid.'

Writ dated January 6, 1876. At the trial in the Superior Court, before *Brigham*, C. J., the following facts appeared :

The plaintiff is the wife of John H. Harding. About six weeks before the date of the note, John H. Harding and the defendant owned a horse and sleigh together, and John H. Harding sold his half of the same to the defendant for $120, and in payment took the promissory note of the defendant for that amount, and the defendant then had full possession of the horse and sleigh. On February 1, 1870, John H. Harding, at his own suggestion, gave up the note to the defendant, and the defendant in consideration therefor, and at the request of John H. Harding, gave to the plaintiff the note in question, and without any new or additional consideration from the plaintiff. At the date of the note, John H. Harding was owing some $900, which he was unable to pay, and had as much due him which he was unable to collect.

In the spring of 1874, the plaintiff indorsed the note in question to Joel Baker, under the following circumstances : Joel Baker had previously, for the accommodation of the plaintiff's husband, indorsed his note for $200, receiving, as security therefor, a piano belonging to the plaintiff, and when the same became due paid it, and thereupon the plaintiff indorsed to him the note in question, and John H. Harding paid him $80 in cash, in payment of the $200. In September, 1875, Joel Baker sold the note in question to his son, Leonard M. Baker, and indorsed the same to him ; and this action is brought in the interest of Leonard M. Baker, who was the owner of the note declared on the day this action was brought. The defendant promised Joel Baker and Leonard M. Baker, on several occasions, to pay to them the note. Joel Baker, when he received from Harding the note in question, did not notice that the same was not negotiable, nor did Leonard M. Baker notice that fact when he received the note from Joel Baker.

By consent and at the request of the parties, the judge, before verdict, reported the case for the consideration of this court. If the action could be maintained, judgment was to be rendered for the plaintiff for $120 and interest; otherwise, for the defendant.

*T. B. Dunn*, for the plaintiff.

*S. Cady*, for the defendant.

BY THE COURT.    The note in suit was not given to the nominal plaintiff by her husband, but by a third person in consideration of the husband's giving up to him a like note ; and the equitable right in it was transferred by her with her husband's consent to the real plaintiff, a creditor of the husband.    If this transfer was in fraud of other creditors, which hardly appears, the defendant cannot take advantage of it.

*Judgment for the plaintiff.*